246541

*Electronically Filed*
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 20-cv-00108

CALEB H. MAY                                                        PLAINTIFF

vs.

HENDERSON COUNTY PUBLIC LIBRARY,
JOAN HOFFMAN, individually and in her Official Capacity
as Trustee,
SUSAN THURMAN, individually and in her Official Capacity
as Trustee,
STEVE TWEDDELL, individually and in his Official Capacity
as Trustee,
BOBBIE JARRETT, individually and in her Official Capacity
as Trustee
and
ARLENE ALEXANDER, individually and in her Official Capacity
as Trustee,                                                        DEFENDANTS

Come the Defendants, Henderson County Public Library, Joan Hoffman, Susan Thurman,

Steve Twedell, Bobbie Jarrett and Arlene Alexander (hereinafter "Defendants"), by and through

counsel, and for their Answer to Complaint, hereby state as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should

therefore be dismissed.

### SECOND DEFENSE

1.      Defendants have insufficient knowledge to admit or deny the allegations set forth in

Paragraphs 2, 3, 4, 5, 13, 14, 15, 16, 17, 18, 20, 25, 28, 30, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42,

43, 44, 45, 46, 52, 57, 58, 65, 66, 67, 69, 71, 74, 77, 79, 83, 84, 85, 91, 116, 122, 124, 138 and 139 of

Plaintiff's Complaint, and therefore deny same.

2.      Defendants deny the allegations set forth in paragraphs 1, 31, 51, 53, 54, 55, 56, 63,

92, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114,

117, 118, 119, 120, 121, 125, 126, 127, 128, 129, 130, 131, 132, 133, and 134 of Plaintiff's Complaint.

3.    Defendants admit the allegations set forth in paragraphs 7, 8, 9, 10, 11, 12, 19, 21, 22, 23, 26, 27, 29, 37, 60. 61, 64, 68, 72, 78, 80, 82, 86, 87, 88, 89, 90, and 123 of Plaintiff's Complaint.

4.    As to Paragraph 6, Defendants admit that Caleb H. May is an adult citizen and resident of Henderson, Henderson County, Kentucky, but deny that he is the current Director of the Henderson County Public Library.

5.    As to Paragraph 24, Defendants admit that the Board of Trustees of the Library have determined that May's contract will not be renewed upon expiration of the current term, which ends on August 31, 2020, but deny the remaining allegations set forth in Paragraph 24.

6.    As to Paragraph 47, Defendants admit that on May 31, 2020, Plaintiff posted the comment depicted in the paragraph, but have insufficient knowledge to admit or deny the remaining allegations of Paragraph 47 and, therefore, deny same.

7.    As to Paragraph 48, Defendants admit that Plaintiff posted the comment/picture depicted in the paragraph, but have insufficient knowledge to admit or deny the remaining allegations of Paragraph 48 and therefore deny same.

8.    As to Paragraph 49, Defendants admit that Plaintiff posted the comment/picture depicted in the paragraph, but have insufficient knowledge to admit or deny the remaining allegations of Paragraph 49 and therefore deny same.

9.    As to Paragraph 50, Defendants admit that Plaintiff posted a cartoon regarding the notion of "white privilege," but have insufficient knowledge to admit or deny the remaining allegations of Paragraph 50 and therefore deny same.

10.    As to Paragraph 59, Defendants admit that individuals demanded that he be fired from his position as Director of the Library. Defendants have insufficient knowledge to admit or deny May's reaction of surprise, and therefore deny same.

11. As to Paragraph 62, Defendants admit that Hoffman told May that she understood that he was entitled to express his opinions. Defendants have insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 62, and therefore deny same.

12. As to Paragraph 70, Defendants admit that Hoffman posted on Facebook. However, the posts speak for themselves and therefore Defendants have insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 70, and therefore deny same.

13. As to Paragraph 73, Defendants admit that there was no damage to the Library, but have insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 73, and therefore deny same.

14. As to Paragraph 75, Defendants admit that Plaintiff stopped by Hoffman's home on June 7, 2020, but have insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 74, and therefore deny same.

15. As to Paragraph 76, Defendants admit that May asked Hoffman whether he should attend an upcoming prayer rally, but she merely responded that he could. Defendants deny the remaining allegations contained in Paragraph 76.

16. As to Paragraph 81, Defendants admit that news stories quoted some of the Board of Trustee members and further admit that the intent of the Board members was to ensure the public that Plaintiff's posts did not reflect the opinions of the Library Board and/or the staff, but Defendants deny the remaining allegations contained in Paragraph 81.

17. As to Paragraph 93, Defendants admit that each Trustee understood at the time that they were considering whether to renew May's contract that they knew that right to 1st Amendment free speech is a clearly established right. Defendants deny that Plaintiff's First Amendment rights were violated and therefore deny the remaining allegations contained in Paragraph 93.

18. As to Paragraph 94, although a government employee does not relinquish all First Amendment rights otherwise enjoyed by citizens just by reason of his or her employment, he must

3

accept certain limitations on his or her freedoms because a public employer is entitled to impose certain restraints on the speech of its employees. Otherwise, there would be little chance for the efficient provision of public services. As a result the allegations set forth in Paragraph 94 is denied as stated.

19.     As to Paragraph 135, Defendants have insufficient knowledge to admit or deny whether Plaintiff seeks nominal damages, but deny that he is entitled to them.

20.     As to Paragraph 136, Defendants have insufficient knowledge to admit or deny whether Plaintiff seeks compensatory damages, but deny that he is entitled to them.

21.     As to Paragraph 137, Defendants have insufficient knowledge to admit or deny whether Plaintiff seeks attorney's fees and costs, but deny that he is entitled to them.

**Any and all allegations not specifically admitted herein are denied.**

### THIRD DEFENSE

Defendants plead sovereign immunity and/or governmental immunity as affirmative defenses to the allegations contained in Plaintiff's Complaint.

### FOURTH DEFENSE

Defendants plead absolute immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### FIFTH DEFENSE

Defendants plead qualified immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### SIXTH DEFENSE

Defendants plead qualified official immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### SEVENTH DEFENSE

Defendants plead waiver, collateral estoppel, and *res judicata* as affirmative defenses to the allegations contained in Plaintiff's Complaint.

### EIGHTH DEFENSE

Defendants hereby plead the doctrine of legislative immunity as a complete defense to Plaintiff's Complaint.

### NINTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### TENTH DEFENSE

Defendants assert that Plaintiff has not been denied any right or privilege guaranteed by the Constitution or the laws of the United States of America.

### ELEVENTH DEFENSE

Plaintiff's Complaint is barred by the provisions of KRS 65.200 *et. seq.*

### TWELFTH DEFENSE

The court lacks personal and subject matter jurisdiction over Defendants and should, therefore, dismiss Plaintiff's Complaint.

### THIRTEENTH DEFENSE

As an affirmative defense, Defendants plead waiver, estoppel, and failure to exhaust administrative remedies.

### FOURTEENTH DEFENSE

Plaintiff's Complaint is barred in part or in whole by the doctrines of collateral estoppel (issue preclusion).

5

## FIFTEENTH DEFENSE

At all times complained of, Defendants acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to their conduct and with an objectively reasonable belief that their actions were lawful.

## SIXTEENTH DEFENSE

The damages alleged by Plaintiff were caused and brought about by an intervening and superseding event over which Defendants had no control or responsibility, and Defendants are without fault, and plead and rely upon the same as a complete or partial bar to the Plaintiff's claims.

## SEVENTEENTH DEFENSE

Defendants reserve the right to plead further herein and specifically reserve the right to amend this answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

## EIGHTEENTH DEFENSE

Plaintiff has failed to sue an indispensable party.

## NINETEENTH DEFENSE

Defendants plead attorney advice privilege as a defense.

## TWENTIETH DEFENSE

Defendants plead any and all defenses set forth in KRS 273 *et seq.*

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, for recovery of costs of suit, including, but not limited to, their reasonable attorney's fees, and for any and all other relief to which Defendants may appear to be entitled.

6

7

Respectfully submitted,

KEULER, KELLY, HUTCHINS
BLANKENSHIP, & SIGLER, LLP
100 SOUTH FOURTH STREET, SUITE 400
PADUCAH KY 42001
PHONE (270) 448-8888
FAX (270) 448-0998


By: ___/s/ Stacey A. Blankenship_____
      Stacey A. Blankenship
      Kristen N. Worak

*Attorneys for Defendants*

7

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, sending notice to the following:

BRIAN SCHUETTE, ESQ.
SCHUETTE LAW GROUP
719 DISHMAN LANE EXT.
BOWLING GREEN, KENTUCKY 42104
Email: brian@slg.legal

By:  /s/ Stacey A. Blankenship
     Stacey A. Blankenship

8