# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

_____

|  |  |  |
|---|---|---|
| **CALEB H. MAY** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| **v.** | ) | |
| | ) **Civil Action No. 4:20cv-00108-JHM** | |
| **HENDERSON COUNTY PUBLIC** | ) SENIOR JUDGE JOSEPH H. MCKINLEY, JR. | |
| **LIBRARY; JOAN HOFFMAN;** | ) | |
| **SUSAN THURMAN; STEVE TWEDDELL;** | ) | |
| **BOBBIE JARRETT; and** | ) | |
| **ARLENE ALEXANDER,** *Individually and* | ) | |
| *in their Official Capacities as Trustees* | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

## <u>ORDER</u>

Counsel for the parties having agreed to participate in a settlement conference in this matter;

**IT IS HEREBY ORDERED** as follows:

No later than the close of business on **October 9, 2020**, Plaintiff and Defendants shall deliver under seal, directly to the Magistrate Judge, *ex parte* separate settlement conference statements which shall specify their respective settlement positions.  Each statement is to be furnished only to the Court and not the other side.  **The statements shall not be filed with the Clerk of the Court but shall be furnished by mailing same to Kelly Lovell, the case manager for the Magistrate Judge, at the United States Courthouse, 241 E. Main Street, Bowling Green, Kentucky 42101; via facsimile at 270-393-2519; or via e-mail, in .pdf format, to kelly_lovell@kywd.uscourts.gov and bbrennenstuhl@kywd.uscourts.gov.**

**The settlement conference statement shall contain the following:**

1.   A *candid* assessment of the strengths and weaknesses of each party's case on the issues of liability and damages.  Where non-liquidated damages are involved, a *realistic* assessment of the value of that portion of the claim. Nothing in the way of a jury speech shall be included.

2.   Plaintiff will provide an itemization of all special damages which Plaintiff will claim at trial, and any liens which must be satisfied from a recovery. Plaintiff will provide the Defendants with this information at the same time Plaintiff submits the settlement conference statement.

3.   An assessment of the economic cost of proceeding to trial.

4.   If attorney fees are authorized by contract or statute, an assessment of the party's total attorney fees as of the time of mediation and projected through trial.

5.   A statement of the last settlement demand and offer exchanged between the parties.

The settlement conference is hereby scheduled to be conducted **on October 15, 2020, commencing at 8:30 a.m., CDT.**  The settlement conference will be conducted via videoconference (Zoom).  In addition to counsel who will try the case, the parties and a person with full settlement authority for the parties must be present for the conference.  **A PERSON WITHOUT AUTONOMOUS SETTLEMENT AUTHORITY DOES NOT MEET THIS REQUIREMENT.**[1]  "Autonomous settlement authority" means the

---

[1] *See e.g.* Shields v. Golden Corral Corp., 3:15-CV-371-DJH-CHL, 2017 U.S. Dist. LEXIS 112455 (W.D. Ky. June 12, 2017) (Imposing sanctions for appearing at settlement conference with third-party claims administrator with predetermined cap on authority rather than actual corporate representative); Lethiot v. JB Hunt Shipping, No. 3:14-CV-488-CRS, 2017 U.S. Dist. LEXIS 110989 (W.D. Ky. July 18, 2017) (Imposing sanctions for defendant's delegation of limited settlement authority to counsel rather than appearing in person); Holly v. UPS Supply Chain Solutions, Inc., 3:13-CV-980-DJH-CHL, 2015 U.S. Dist. LEXIS 189479 (W.D. Ky. March 27, 2015) (Imposing sanctions for appearing at settlement conference with representative who had to "call the home office" to obtain variance from a predetermined cap on authority in violation of settlement conference order.).

person in attendance is the decision maker, who has the authority to change the party's position without seeking further authorization.  If your representative must "make a call," then you are bringing the wrong person.

ENTERED this

Copies to:    Counsel of Record