247847

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-108-JHM

CALEB MAY                                                                              PLAINTIFF

v.

HENDERSON COUNTY PUBLIC LIBRARY; *et al.*                        DEFENDANTS

_____

**DEFENDANTS' MOTION FOR LEAVE TO FILE
DEFENDANTS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

_____

Come the Defendants, Henderson County Public Library, Joan Hoffman, Susan Thurman, Steve Twedell, Bobbie Jarrett, and Arlene Alexander (hereinafter collectively referred to as "Defendants"), by and through counsel, and respectfully move this Court for leave to supplement their response [DN 10] to Plaintiff's Motion for Preliminary Injunction [DN 6]. In support thereof, Defendants state as follows:

1.      Defendants request permission from this Court to supplement their response with a brief analysis of the case *Bennett v. Metropolitan Government of Nashville & Davidson County, Tennessee*, No. 19-5818, 2020 WL 5905067 (6th Cir. Oct. 6, 2020) (hereinafter "*Bennett*"), which was decided by the United States Court of Appeals for the Sixth Circuit on October 6, 2020, one week after Plaintiff's motion was fully briefed.[1]

2.      Defendants' response to Plaintiff's motion argued, in part, that application of the *Pickering* balance test establishes that Defendants' interest in having an efficient workplace and effectively serving the public outweighs Plaintiff's First Amendment interest, if any, in certain

_____

[1] Briefing on the motion for preliminary injunction was complete on September 29, 2020. (DNs 6, 10, 15).

Facebook posts discussing Black Lives Matter, abortion, the liberal agenda, and the COVID-19 pandemic. The Sixth Circuit's holding in *Bennett* confirms that Defendants' "interest in maintaining an effective workplace with employee harmony that serves the public efficiently outweighs [the plaintiff's] interest in incidentally using racially offensive language in a Facebook comment." *2020 WL 5905067 at *11.* The *Bennett* opinion also discusses, at great length, application of the *Pickering* balance factors to Facebook comments and a governmental employer's burden with respect to the nature of an employee's speech.

3.      For this reason, Defendants request the opportunity to supplement their response to Plaintiff's Motion for Preliminary Injunction with a short brief. (See Defendants' Supplemental Response in Opposition to Plaintiff's Motion for Preliminary Injunction, attached hereto as "Exhibit A").

WHEREFORE, Defendants respectfully request that the Court grant them leave to file a supplement to their Response to Plaintiff's Motion for Summary Judgment [DN 10] (attached hereto as "Exhibit A"), limited to the application of the Sixth Circuit's analysis of the *Pickering* balance test contained with the *Bennett* opinion to the instant action.

Respectfully submitted,

KEULER, KELLY, HUTCHINS.
BLANKENSHIP, & SIGLER LLP
100 South 4th Street, Suite 400
Paducah, KY 42001
Phone 270-448-8888 / Direct: 270-448-0999
Fax 270-442-0998

By: /s/ Stacey A. Blankenship
      Stacey A. Blankenship
      Kristen N. Worak

*Counsel for Defendants*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of October, 2020, I electronically filed the foregoing with the Clerk of the Court by using the ECF system, which will send a notice of electronic filing to the following:

BRIAN SCHUETTE
SCHUETTE LAW GROUP
719 DISHMAN LANE EXT.
BOWLING GREEN, KY 42104
Email: brian@slg.legal
*Counsel for Plaintiff*

By: /s/ Stacey A. Blankenship
    Stacey A. Blankenship